**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George L. Mothershed, | No. CV 12-00549-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| State of Oklahoma ex rel. Oklahoma Bar Association, et al., | |
| Defendants. | |

We have before us plaintiff's motion for disqualification of the judges of this district (doc. 23), to which defendants did not respond. Plaintiff seeks recusal under 28 U.S.C. §§ 144 and 455(a).

Plaintiff argues that all judges in the District of Arizona must recuse themselves from this action because of the adoption of LRCiv 83.1(a), under which "[a]dmission to and continuing membership in the bar of this Court is limited to attorneys who are active members in good standing of the State Bar of Arizona." Plaintiff apparently challenges rules promulgated by the Oklahoma Supreme Court, and asserts that LRCiv 83.1 is like the Oklahoma rules. Thus, he asserts, we are all biased.

Under § 144, whenever a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C.

Case 2:12-cv-00549-FJM   Document 33   Filed 05/11/12   Page 2 of 2

1 § 144. The affidavit must "state facts which if true fairly support the allegation that bias or prejudice stemming from (1) an extrajudicial source (2) may prevent a fair decision on the merits." United States v. Azhocar, 581 F.2d 735, 739 (9th Cir. 1978). The judge must also look at "(3) the substantiality of the support given by these facts to the allegation of bias." Id. at 740. "[T]he judge against whom an affidavit is filed may pass upon its legal sufficiency . . . . [and] properly deny the affidavit for insufficiency if the facts, taken as true, do not provide fair support for the contention that statutory bias exists." Id. at 739.

Section 455(a) provides that any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The inquiry under both statutes is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008) (citation omitted); see also United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (substantive standard for recusal under these statutes is the same). "The 'reasonable person' is not someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" Holland, 519 F.3d at 913 (quoting In re Mason, 916 F.2d 384, 386 (7th Cir. 1990)).

No reasonable person would question the impartiality of the judges of this District based on the facts alleged. Recusal is not appropriate under either statute. Plaintiff's motion is frivolous. It defies reason to suggest that every member of this court is biased because of the existence of a local rule governing the practice of law.

**IT IS ORDERED DENYING** plaintiff's motion for disqualification of the judges of this district (doc. 23). We urge plaintiff to seek the advice of counsel.

DATED this 10th day of May, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge