**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George L. Mothershed, | No. CV 12-00549-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| State of Oklahoma ex rel. Oklahoma Bar Association, et al., | |
| Defendants. | |

We have before us defendant State of Oklahoma ex rel. Oklahoma Bar Association's motion to dismiss (doc. 27), the Oklahoma Supreme Court justices' motion to dismiss (doc. 28), plaintiff's response (doc. 29), defendants' joint motion for stay of proceedings pending decision on motions to dismiss plaintiff's second amended complaint (doc. 30), plaintiff's response (doc. 31), plaintiff's motion for sanctions (doc. 32), the Bar Association's response (doc. 36), and the justices' response (doc. 37).  We also have before us plaintiff's motion for partial judgment as a matter of law (doc. 21), plaintiff's motion for preliminary injunction and declaratory relief (doc. 26), plaintiff's reply in support of motion for preliminary injunction and declaratory relief (doc. 38), and plaintiff's motion to receive email notification (doc. 34).

Despite having been given two chances to amend, plaintiff's second amended complaint is lengthy (103 pages) and unintelligible.  It fails to comply with Rule 8(a), Fed. R. Civ. P.  Defendants seek dismissal under Rule 12(b)(1) and (2), Fed. R. Civ. P.,

1  contending that we lack personal jurisdiction and that plaintiff's claims are barred by res
2  judicata, collateral estoppel, and the Rooker-Feldman doctrine.

3                                                **I.**

4          Plaintiff was licensed to practice law in Oklahoma in 1968.  He has lived in Arizona
5  since 1993.  The Supreme Court of Arizona censured him in 2001 for engaging in the
6  unauthorized practice of law.  In re Mothershed, No. SB-01-0076-D, 2001 Ariz. LEXIS 63
7  (Apr. 17, 2001).  The Oklahoma Bar Association began investigating plaintiff in 2001 and
8  he was disbarred for violating the Oklahoma Rules of Professional Conduct.  State ex rel.
9  Okla. Bar Ass'n v. Mothershed, 66 P.3d 420 (Okla. 2003), petition to vacate denied by 264
10  P.3d 1197 (Okla. 2011).  Plaintiff's complaint seeks various forms of declaratory and
11  injunctive relief, including expungement of his disciplinary proceedings and an order
12  dissolving the Oklahoma Bar Association.  He also seeks over $85 million in damages under
13  federal and state antitrust laws and the Racketeer Influenced and Corrupt Organizations Act
14  ("RICO").

15          Plaintiff alleged similar claims in an action filed in this court in 2002.  Mothershed
16  v. Supreme Court Justices, No. 2:02-CV-02375-RCB.  His case was dismissed for lack of
17  personal jurisdiction.  The United States Court of Appeals for the Ninth Circuit affirmed the
18  dismissal based on lack of subject matter jurisdiction.  Mothershed v. Justices of the Supreme
19  Court, 410 F.3d 602, 607 & n.4 (9th Cir. 2005).  The court concluded that because plaintiff
20  alleged particularized challenges to a state court decision, the district court did not have
21  jurisdiction to review his Oklahoma disciplinary proceedings under the Rooker-Feldman
22  doctrine.  The Tenth Circuit has also found Mothershed's claims barred by the Rooker-
23  Feldman doctrine.  Mothershed v. Okla. ex rel. Okla. Bar Ass'n, 390 F. App'x 779 (10th Cir.
24  2010).

25          The Rooker-Feldman doctrine prevents us from exercising jurisdiction over "cases
26  brought by state-court losers complaining of injuries caused by state-court judgments
27  rendered before the district court proceedings commenced and inviting district court review
28  and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S.

280, 284, 125 S. Ct. 1517, 1521-22 (2005).  In <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 103 S. Ct. 1303 (1983), the Court held that the district court has subject matter jurisdiction over general challenges to state bar rules, but not over challenges to state court decisions in particular cases arising out of judicial proceedings.  <u>Id.</u> at 486, 103 S. Ct. at 1317 (citing 28 U.S.C. § 1257).  Plaintiff complains of injuries suffered from a particular state court decision and invites us to review a final decision of the Oklahoma Supreme Court.  This is precisely the kind of case over which we have no jurisdiction under <u>Rooker</u>-<u>Feldman</u>.  In addition, we lack jurisdiction over claims "inextricably intertwined" with the state court's decision, even if those claims were not raised in the state court.  <u>Id.</u> at 482 n.16, 486-87, 103 S. Ct. at 1315 n.16, 1317; <u>Exxon Mobil</u>, 544 U.S. at 286 & n.1, 125 S. Ct. at 1523 & n.1.  Therefore, we lack jurisdiction over all claims which are particularized challenges to the Oklahoma Supreme Court's decisions disbarring plaintiff and denying his motion to vacate disbarment.

## II.

Plaintiff clearly states in his second amended complaint that "[t]he issue in controversy in this action is Mothershed's license to practice law in the state of Oklahoma." (Doc. 22 at 39 n.8).  Yet in his response, plaintiff contends that he is alleging both general and particularized challenges to the Oklahoma rules relating to the practice of law.  (Doc. 29 at 4).  To the extent that his complaint attempts to state a general challenge to Oklahoma's bar rules, such a challenge cannot be heard in this court because we lack personal jurisdiction over all defendants.

Plaintiff's complaint does not make any reference to defendants' contacts with Arizona.  He has alleged no facts giving rise to personal jurisdiction over defendants.  When personal jurisdiction is questioned, "the plaintiff bears the burden of establishing that jurisdiction exists." <u>Rio Props., Inc. v. Rio Int'l Interlink</u>, 284 F.3d 1007, 1019 (9th Cir. 2002).  To establish personal jurisdiction, plaintiff must show that the exercise of jurisdiction comports with due process.  In order to subject a defendant to a judgment when he is not present within the forum, due process requires that "he have certain minimum contacts with

1   it such that the maintenance of the suit does not offend 'traditional notions of fair play and

2   substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158

3   (1945).  A court may exercise general jurisdiction when a defendant's activities within the

4   forum state are "continuous and systematic." Helicopteros Nacionales de Colombia, S.A. v.

5   Hall, 466 U.S. 408, 416, 104 S. Ct. 1868, 1873 (1984).  A court may exercise specific

6   jurisdiction if defendants purposefully directed their activities at residents of the forum, the

7   plaintiff's injuries arise out of or relate to those activities, and the exercise of jurisdiction is

8   reasonable.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-77, 105 S. Ct. 2174, 2182-

9   84 (1985); Boschetto v. Hansing, 539 F.3d 1011, 1016 (9th Cir. 2008).

10      Defendants do not conduct continuous and systematic activities within the District of

11  Arizona.  Defendants are not subject to general jurisdiction in this District.  Nor can they be

12  subject to specific jurisdiction in the absence of facts that they purposefully directed their

13  activities here.  "The unilateral activity of those who claim some relationship with a

14  nonresident defendant cannot satisfy the requirement of contact with the forum State."

15  Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 1239-40 (1958).  A defendant does

16  not purposefully avail itself of the forum if its contacts with the forum are "random,

17  fortuitous, or attenuated." Rio Props., 284 F.3d at 1019.  "[T]he foreseeability that is critical

18  to due process analysis is . . . that the defendant's conduct and connection with the forum

19  State are such that he should reasonably anticipate being haled into court there." World-

20  Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 567 (1980).

21      In 2003, we stated that no facts "indicate even a minor connection, let alone

22  'substantial connection' between the Oklahoma justices and the District of Arizona."

23  Mothershed v. Justices of the Supreme Court, No. 2:02-CV-02375-RCB (Apr. 22, 2003).

24  (Doc. 28, ex. 1 at 5).  This is still true.  No facts indicate even a minor connection between

25  the defendants and this District.

26      Defendants have neither "'deliberately' . . . engaged in significant activities" within

27  this District nor "availed [themselves] of the privilege of conducting business" here.  See

28  Burger King, 471 U.S. at 475-76, 105 S. Ct. at 2184 (discussing contexts where jurisdiction

would be proper).  Defendants would not reasonably anticipate being haled into court in this District based on their conduct in Oklahoma.  Other than disbarment of an Arizona resident, there are no facts alleged which show any connection to the District of Arizona.  The exercise of jurisdiction would not be reasonable.  Plaintiff has failed to make a prima facie showing of personal jurisdiction over defendants in the District of Arizona.

Finally, plaintiff contends that we have personal jurisdiction over defendants based on the nationwide service of process provision in RICO, 18 U.S.C. § 1965.[1]  "When Congress has statutorily authorized nationwide service of process, such service establishes personal jurisdiction, provided that the federal court's exercise of jurisdiction comports with Fifth Amendment due process."  Cory v. Aztec Steel Bldg., Inc., 468 F.3d 1226, 1229 (10th Cir. 2006).

"For nationwide service to be imposed under section 1965(b), the court must have personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy and the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators."  Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc., 788 F.2d 535, 539 (9th Cir. 1986).  "[M]erely naming persons in a RICO complaint does not, in itself, make them subject to section 1965(b)'s nationwide service provisions."  Id.  As discussed above, we do not have jurisdiction over any of the defendants.  And plaintiff has not met his burden to demonstrate that no other district will have personal jurisdiction over all of the defendants.  18 U.S.C. § 1965 does not confer personal jurisdiction over defendants here.

From what we have said so far, it is obvious that plaintiff's motion for sanctions is groundless.  (Doc. 23).

**IT IS ORDERED GRANTING** defendants' motions to dismiss (docs. 27 and 28).

---

[1]Plaintiff also asserts that we may exercise personal jurisdiction based on the Clayton Act's nationwide service of process provision.  But as plaintiff's federal antitrust claim is clearly limited to challenging only his particular state court action, we do not have subject matter jurisdiction under the Rooker-Feldman doctrine.

1     **IT IS ORDERED DENYING** defendants' joint motion for stay (doc. 30), plaintiff's

2  motion for judgment as a matter of law (doc. 21), and plaintiff's motion for preliminary

3  injunction and declaratory relief (doc. 26) as moot.

4     **IT IS ORDERED DENYING** plaintiff's motion for sanctions (doc. 32) and motion

5  to receive email notification (doc. 34).

6     The clerk shall enter final judgment.

7     DATED this 26th day of June, 2012.

_Frederick J. Martone_

Frederick J. Martone
United States District Judge